UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED 08 MAR 19 AM 10: 51

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Rogelio TORRES-Lizama** Defendant. | ) | Magistrate Case No. '08 MJ 0860 <br> COMPLAINT FOR VIOLATION OF <br> Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

On or about **March 18, 2008**, within the Southern District of California, defendant **Rogelio TORRES-Lizama**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs and Border Protection Enforcement Officer.

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **19th** DAY OF **March**, 2008.

UNITED STATES MAGISTRATE JUDGE

Stf

**PROBABLE CAUSE STATEMENT**

On March 18, 2008 at about approximately 1415 hours, **Rogelio TORRES-Lizama (Defendant)** attempted to enter the United States from Mexico at the San Ysidro, California Port of Entry via the pedestrian primary lanes. During primary inspection before a United States Customs and Border Protection (CBP) Officer, Defendant claimed United States citizen by virtue of birth in Norwalk, California. Defendant stated he had lost all of his identification and was going to San Diego, California. The CBP Officer elected to escort Defendant to secondary for further inspection.

In secondary, Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a citizen of Mexico and a previously deported alien. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS) and linked Defendant to FBI and Immigration Service records.

Immigration Service records including the Deportable Alien Control System (DACS) identify Defendant as a citizen of Mexico without entitlements to enter the United States. DACS records reveal Defendant was ordered deported by an Immigration Judge on or about January 18, 2006. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit to counsel. Defendant admitted he is a citizen of Mexico by birth in Comala, Colima, Mexico. Defendant admitted he does not posses legal documents that would permit his legal entry into the United States. Defendant admitted that he has been previously deported from the United States and removed to Mexico. Defendant admitted that he has not applied for or received permission from the United States government to legally re-enter the United States. Defendant admitted that he intended to enter the United States to look for his family in Norwalk, California.